UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-198 NAB |
| | ) | |
| KILOLO KIJAKAZI[1], | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Elizabeth G. Smith's appeal regarding the denial

of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§

401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security

Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties have consented to the exercise of authority

by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9.) The

Court has reviewed the parties' briefs and the entire administrative record, including the transcript

and medical evidence.  Based on the following, the Court will affirm the Commissioner's decision.

I.      Background

On February 27, 2018 and March 6, 2018, Smith applied for DIB and SSI, respectively.

Smith alleged that she had been unable to work due to disability since September 15, 2015. (Tr.

Tr. 77.) She alleged disability due to depression, bipolar disorder, and high anxiety. (Tr. 102-103,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of
the Federal Rules of Appellate Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the
defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section
205(g) of the Social Security Act, 42 U.S.C. § 405(g).

233.) Her application was initially denied (Tr. 76-101.) and she filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 369.) On August 21, 2019, the ALJ held a hearing on Smith's claim. (Tr. 51-75.) Smith was represented by counsel at the hearing, and an impartial vocational expert testified. *Id*. In a Representative Brief dated August 9, 2019, Smith amended her alleged onset date to March 1, 2017, as was confirmed at Smith's hearing. (Tr. 56.)

In a decision issued on October 2, 2019, the ALJ found Smith was not disabled as defined in the Act from the amended alleged onset date through the date of the decision. (Tr. 28). Smith filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 168-169). On July 24, 2020, the SSA's Appeals Council denied Smith's request for review, and adopted the ALJ's decision in full. (Tr. 1-3.)

Smith filed this appeal for judicial review on September 17, 2020. (Doc. 1.) On November 2, 2020, Smith filed her Amended Complaint. (Doc. 5.) On January 28, 2021, Defendant filed an Answer to the Amended Complaint and a certified copy of the Administrative Record. (Docs. 13, 14.) Smith failed to file a brief in support of her Amended Complaint pursuant to the Court's Case Management Order. (Doc. 7.) Accordingly, on April 13, 2021, the Court *sua sponte* gave Smith an additional 30 days to file her brief. (Doc. 17.) On May 5, 2021, the Court received a letter from Smith stating she did not understand what to do. (Doc. 18.) The Court issued a second order extending Smith's time to file a brief and further explained Smith should file a written statement of reasons why she believes the Commissioner's decision denying her application for benefits was in error. (Doc. 20.) When Smith failed to file a written statement, the Court directed Defendant to file a brief in support of the Answer. (Doc. 21.) Defendant filed a brief, and the Court issued an order explaining Plaintiff could file a reply. (Docs. 23, 24.) Plaintiff filed a written reply. (Doc.

2

25.) The matter is now ripe for decision, and the Court will review the case on the basis of Defendant's brief, Plaintiff's reply, and the administrative record filed herein.

## II.      Standard for Determining Disability Under the Act

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled.  20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work.  20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled.  20 C.F.R. § 404.1520(a)(4)(v).

### III.    The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ here found that Smith met the insured status requirements of the Social Security Act through December 31, 2019, and that she had not engaged in substantial gainful activity since March 1, 2017, the amended alleged onset date. (Tr. 18.) Next, the ALJ found that Smith has the following severe impairments: bipolar disorder, depressive disorder, post-traumatic stress disorder (PTSD), anxiety, degenerative disc disease, and osteoarthritis. The ALJ found that Smith's bronchitis and pneumonia were non-severe impairments. (Tr. 18.)

The ALJ determined that Smith did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ also determined that Smith had the residual functional capacity to perform medium work with additional limitations: She can frequently climb ramps and stairs, ladders, ropes and scaffolds. She should avoid concentrated exposure to hazards. She can understand and remember simple instructions, and she can attend to and carry out routine and repetitive tasks. She can have occasional interactions with the public and coworkers and can adapt to changes in the work setting or duties that are infrequent and explained in advance, in an otherwise static work environment. (Tr. 22.) The ALJ found that Smith was unable to perform any past relevant work.

4

(Tr. 27.) Smith was 55 years old on the alleged disability onset date and considered an individual of advanced age, and she has a limited education and is able to communicate in English. The ALJ determined that the transferability of job skills is not material to the determination of disability because Smith's past relevant work is unskilled. Based on the foregoing, the ALJ found that there are jobs that exist in significant numbers in the national economy that Smith can perform, including dishwasher (Dictionary of Occupational Titles (DOT) No. 318.687-010, medium exertion level, Specific Vocational Preparation (SVP) 2, 500,000 jobs available nationally); cleaner, laboratory equipment (DOT No. 318.687-022, medium exertional level, SVP 2, 2,000,000 jobs available nationally); and night janitor (DOT No. 358.687-010, medium exertion level, SVP 2, 2,000,000 jobs available nationally). (Tr. 28.) Therefore, the ALJ ultimately concluded that Smith was not under a disability, as defined by the Social Security Act, from the amended alleged onset date of March 1, 2017 through the date of the decision, October 2, 2019. (Tr. 28.) Smith has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the SSA.

## IV.    Standard for Judicial Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942.  *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

**V.     Discussion**

As is explained above, Smith did not file a written statement of reasons she believes the Commissioner erred in denying her application for benefits. Prior to judicial review, Smith's non-attorney representative, Andrew Youngman of Citizens Disability, LLC, submitted an Appeal Brief in support of Smith's request for the Appeals Council to review the ALJ decision. (Tr. 284-285.) In the brief, Smith argued that the ALJ erred because the mental RFC limiting Smith to simple instructions, routine and repetitive tasks does not account for her "moderate" deficiencies in concentration, persistence, and pace. (Tr. 284.)

In her brief in support of the Answer, Defendant argues that the ALJ correctly evaluated Smith's impairments under the Listings and found she did not meet or medically equal the "paragraph B" criteria of the listed impairments for § 12.04 (depressive, bipolar and related disorders, § 12.06 (anxiety and obsessive-compulsive disorders), and § 12.15 (trauma and stressor related disorders). Defendant stated the ALJ also considered the "paragraph C" criteria for the three listings, and found that the evidence failed to show that Smith had achieved only marginal adjustment capacity, pointing out that Smith had improved with treatment and was able to handle her personal care and live independently. (Tr. 21, 57, 234.) Defendant argues that the ALJ therefore properly concluded that Smith's mental conditions did not satisfy the criteria of any listing. Defendant further argued that the ALJ included all supported limitations in the RFC, and substantial evidence supports the ALJ's determination.

In her reply, Smith states that she has bipolar depression and social anxiety. She states that in December 2020 she had a heart attack and had three stents put in, and she now has congestive heart failure, which adds to her anxiety. She states she cannot stay on task and fears large crowds and "do[es] better alone." Smith further explains that she has been in and out of mental hospitals. (Doc. 25.)

The Court has reviewed the entire transcript and the parties' briefs. As an initial matter, the undersigned notes that Smith's cardiac issues referenced in her reply occurred in or after December 2020 are not a part of the record. More importantly, these issues are not material to whether Smith was disabled *before* October 2, 2019, the date of the ALJ's decision. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir. 1997) (evidence must be relevant to claimant's condition for the time period for which benefits were denied). "Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a

material basis for remand, although it may be grounds for a new application for benefits." *Id.* Because Smith's cardiac issues are not in the record and did not occur until after the time period for which benefits were denied, the Court will not consider them here.

The Court also considered Smith's non-attorney representative's argument to the Appeals Council regarding whether the ALJ erred in his evaluation of the mental RFC by failing to include limitations from Smith's "moderate" deficiencies in concentration, persistence, and pace.[2]

The ALJ's RFC determination called for medium work, with additional postural and environmental limitations, as well as the following limitations:

> [Smith] can understand and remember simple instructions, and she can attend to and carry out routine and repetitive tasks. The claimant can have occasional interactions with the public and coworkers. She can adapt to change in the work setting or duties that are infrequent and explained in advance, in an otherwise static work environment.

(Tr. 22.) This RFC includes limitations reflecting Smith's moderate deficiencies in concentration, persistence, or maintaining pace. *See, e.g., Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (RFC restricting a claimant to "work at a normal pace without production quotas" was consistent with the claimant's moderate limitation in concentration, persistence, or pace); *Rhinehart v. Saul*, 776 F. App'x 915, 916 (8th Cir. 2019) (hypothetical including limitation to "simple, routine, [and] repetitive tasks" that "require minimal training" adequately accounted for moderate limitation in concentration, persistence, or pace); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (hypothetical concerning a claimant who is capable of doing simple, repetitive, routine tasks adequately captured the individual's deficiencies in concentration, persistence or pace); *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (hypothetical including

---

[2] The ALJ found that the record only supported mild to moderate limitations in the four broad areas of functioning: understanding, remembering, or applying information (mild limitation); interacting with others (moderate limitation); concentration, persisting or maintaining pace (moderate limitation); and adapting or managing oneself (moderate limitation). (Tr. 20-21.)

work "which does not require close attention to detail" and excluding "work[ing] at more than a regular pace" sufficiently described deficiencies of concentration, persistence or pace); *Goudeau v. Saul*, 2020 WL 7023936, at *5 (E.D. Mo. Nov. 30, 2020) (claimant's moderate limitation in the area of concentration, persistence, or pace was "adequately reflected in the RFC limitation to repetitive tasks and exclusion of work involving an assembly line or conveyor belt."). The ALJ's limitations to simple instructions, routine and repetitive tasks, and that any changes in duties are infrequent and explained in advance in an otherwise static work environment adequately account for Smith's moderate limitations in this area.

Based on a careful review of the record, the foregoing caselaw, and for the reasons stated in the ALJ's well-reasoned opinion and in Defendant's brief, the Court finds Smith's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue,* 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of

9

choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). The records submitted to the Appeals Council do not overcome the evidence supporting the ALJ's decision.

**VI.     Conclusion**

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record.  Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint is **DENIED**. (Doc. 1.)

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of March, 2022.